■ In the Matter of MICHAEL G. WEISS, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which disapproved petitioner's application for an accidental retirement allowance pursuant to section 363 of the Retirement and Social Security Law. On May 17, 1972 *petitioner, a police sergeant,* suffered chest pain while arresting a suspect. Petitioner was treated for heart disease for two weeks and returned to duty a month after the May 17 incident. His application for disability benefits was submitted in October, 1972, which

application referred to the May 17 arrest as the accident which caused his disability. Petitioner concedes that under the statutory scheme then applicable, notice of the accident had to be given the Comptroller within 30* days of the accident, with discretion in the Comptroller to extend the period for good cause (former Retirement and Social Security Law, § 363, as added by L 1966, ch 1000, § 2). However, petitioner contends that a different rule applies to heart disability, by virtue of the presumption of section 363-a of the Retirement and Social Security Law (as it then existed), which stated "Notwithstanding any provision of this chapter * * * any disability or death resulting from an injury to or impairment of the heart, caused by reason of and in the performance of duty as a * * * policeman * * * *presumptively shall be deemed to be the * * * result of an accident,* in the absence of substantial evidence to the contrary". (Emphasis added.) (L 1969, ch 1103, § 1.) Petitioner reasons that the statutory presumption makes disability benefits available absent an actual accident. Section 363-a should, therefore, be interpreted, concludes petitioner, to waive the filing rule with respect to heart disabilities. In the alternative, petitioner contends that the impossibility of dating the fictitious accident which caused disability constituted good cause for late filing, and the Comptroller abused his discretion in failing to acknowledge such good cause. This line of reasoning would have force if the 363-a presumption were *conclusive.* But it is not. It may be rebutted by substantial evidence that the heart disability was not the result of an accident *(Matter of Bunnell v New York State Policemen's & Firemen's Retirement System,* 50 AD2d 244, app dsmd 39 NY2d 742). It does not eliminate the requirement that the heart disability be caused by an accident. Petitioner admits he failed to file a notice within 30 days. The Comptroller's finding of no good cause for failing to give timely notice is supported by substantial evidence (see *Matter of Nizzico v New York State Policemen's & Firemen's Retirement System,* 46 AD2d 717) and there is no contention that notice was filed in accordance with the provisions of the Workmen's Compensation Law. Petitioner's argument that the Comptroller is estopped from denying the application for failure to give timely notice because the first hearing officer denied the application on different grounds was discussed and rejected in *Matter of Callerame v Levitt* (48 AD2d 419, 421). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.

---

* The period has since been extended to 90 days, with the notice requirement waived altogether if the application is made within one year of the accident (L 1975, ch 619, § 2).