In the Matter of MARINO ACCIAVATTI, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, and as Administrator of the Policemen's and Firemen's Retirement System, Respondent.

Third Department, April 21, 1977

*Wekstein, Friedman & Fulfree (Morton N. Wekstein* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. The facts are not in dispute and we are concerned solely with a question of law. Petitioner is a member of the Town of Eastchester Police Department and also a member of the Policemen's and Firemen's Retirement System. While on duty on February 23, 1970, he sustained "an acute coronary occlusion with myocardial infarct". Petitioner's application for an accidental disability retirement allowance pursuant to section 363 of the Retirement and Social Security Law was denied by respondent on the ground that petitioner's incapacity was not caused by an accident. This article 78 proceeding ensued.

The critical question presented on this appeal is the meaning of section 363-a of the Retirement and Social Security Law as amended by the Laws of 1974 and which reads in pertinent part as follows:

"1. Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a *fireman shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident,* unless the contrary be proved by competent evidence.

"2. Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any condition of

impairment of health caused by diseases of the heart, resulting in disability or death to a *policeman,* presently employed, and who shall have sustained such disability while so employed, shall *be presumptive evidence that it was incurred in the performance and discharge of duty,* unless the contrary be proved by competent evidence." (L 1974, ch 967, § 1, eff June 13, 1974; emphasis added.)

It is petitioner's contention that as the law exists today, a policeman need show only that his disabling heart disease is job related in order to recover an accidental disability retirement allowance. In other words, he contends that in the case of a policemen the 1974 amendment to section 363-a eliminates the necessity of establishing an accident. Respondent, on the other hand, contends that the policeman has the burden of proving that his disabling heart disease was proximately caused by a single event which qualifies as an accident.

As the petition recites, this application for benefits is made under sections 363 and 363-a of the Retirement and Social Security Law. Section 363 has always provided that to be entitled to an accident disability retirement allowance, an applicant must demonstrate that he is "incapacitated for performance of duty as the natural and proximate result of an accident". In 1969 section 363-a was enacted to aid firemen and policemen to obtain disability benefits by providing in "heart cases" for a presumption of disability as the result of an accident in the absence of substantial evidence to the contrary. The 1974 amendment with which we are presently concerned, deleted the language "and the natural and proximate result of an accident" as far as policemen were concerned but not firemen. From our analysis of sections 363 and 363-a, together with its amendments, we are of the view that the Legislature clearly intended that a policeman must establish, among other things, that the disability is the proximate result of an accident. We recently held that when the Legislature added the rebuttable presumption to section 363-a, it did not thereby intend to eliminate the accident requirement of section 363 of that law *(Matter of Weiss v Levitt,* 55 AD2d 724). It follows, therefore, that when the Legislature eliminated the presumption it could not have intended to eliminate the accident requirement.

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P., MAIN, LARKIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.