In the Matter of DONALD FAULKNER, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller. Petitioner, who was last employed as a senior boys' work supervisor by the New York State Division for Youth, is a member of the New York State Employees' Retirement System, and it is undisputed that he is incapacitated and that the Comptroller has approved his application for ordinary disability retirement benefits effective June 3, 1975. At issue here is the Comptroller's disapproval of his application for an accidental disability retirement allowance, pursuant to section 63 of the Retirement and Social Security Law, and we find that said determination is supported by substantial evidence and, accordingly, must be confirmed *(Matter of D'Alessandro v Levitt,* 59 AD2d 967; *Matter of Donahue v Levitt,* 55 AD2d 240). Petitioner bases his rejected application on two separate incidents both of which, according to the Comptroller, did not constitute accidents within the meaning of that term as used in section 63 of the Retirement and Social Security Law. The first occurrence happened on April 6, 1966 when in the course of his normal duties cutting down trees with his crew of 12 boys, petitioner bent over in an attempt to move the base of a tree and felt pain in his lower back and legs. Under such circumstances, the Comptroller was justified in concluding that such exertion did not constitute an accident (cf. *Matter of Group v McGovern,* 8 AD2d 885), and it might further be noted that petitioner sought no medical attention for his back until 1968 and, then, after corrective surgery, resumed his full-time work with no limitation on his activities. Similarly, the second incident on May 10, 1974 was likewise properly determined not to be an accident. On that date, while at work, as he intentionally rotated his body in the process of entering a truck, petitioner felt a wrench in his back and experienced sharp pain in his lower

back and legs. Even though he has subsequently been disabled, it is clear that the Comptroller did not have to find that this incident was accidental in nature and the situation is unlike that in *Matter of Donahue v Levitt (supra)* wherein the petitioner, as he was descending from the top of a truck, suffered a disabling fall when a box onto which he was stepping tipped over. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.