■ In the Matter of BERNICE DE LEON, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to

CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental death benefits. Petitioner's late husband, Adrian De Leon, was employed by the Fire Department of the City of Buffalo as a fire investigator. He was a member of the Policemen's and Firemen's Retirement System. On January 22, 1975, De Leon was engaged in the performance of his duties at the scene of a fire. While lifting some very heavy bundles in the attic, so that he could examine a portion of the attic floor, he strained himself and the smoke became so heavy that he had to leave the building. After leaving the scene, he reported feeling sick and weak. He continued to work until January 30, 1975 at which time he was hospitalized. He died in the hospital on February 19, 1975. The death certificate signed by De Leon's doctor stated that the immediate cause of death was acute myocardial infarction due to cardiomyopathy with diabetes mellitus as an underlying cause. The record shows that decedent suffered from diabetes for at least 10 years prior to his death. An oral medication was replaced by regular insulin treatment as the condition became more difficult to control in the years prior to his death. He was hospitalized on April 14, 1973, complaining of increasing dyspnea (shortness of breath), fatigue and weakness. He was found to be in congestive heart failure. He was discharged five days later, and was readmitted on May 20, 1973 with the same complaints and diagnosis. At that time, a cardiac catheterization was performed which indicated severe cardiomyopathy. Decedent's personal physician testified that decedent suffered from heart difficulties since 1970. He further testified that he strongly believed the fire of January 22, 1975 to be a contributing factor to decedent's death, although he did not think the event, in and of itself, led to decedent's demise. The retirement system's medical expert, a cardiology specialist, testified that the fire incident on January 22, 1975 was unlikely to be the immediate cause of death. In response to a question whether decedent's admission to the hospital was caused by the January 22, 1975 incident, or was in the normal course of events, considering the history of decedent's heart, he testified that the death was "perfectly consistent with what is known of the natural history of cardiomyopathy, that is a downhill course, with death, and irreversible heart failure". Based upon a finding of a history of congestive heart failure and cardiomyopathy, which was related to a concurrent history of diabetes mellitus, the respondent's hearing officer concluded that decedent had a pre-existing heart condition; and further, that such evidence of a pre-existing heart condition rebutted the statutory presumption that the death of the decedent was the natural and proximate result of an accident sustained in the performance of his duties as a fireman. The hearing officer concluded that the decedent's reported activities at a fire on January 22, 1975 were ordinary activities expected of persons in such employment, and did not constitute an "accident". At the time decedent became disabled, he was subject to, and entitled to, the benefits provided by section 363-a of the Retirement and Social Security Law. Subdivision 1 of section 363-a provides: "Firemen and policemen; certain disabilities 1. Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a fireman shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident, unless the contrary be proved by competent evidence." An accidental death benefit is payable to the beneficiary of a deceased policeman or fireman under section

361 (subd a, par 1) of the Retirement and Social Security Law, upon a showing, *inter alia,* that he was a member of the system who died "as to the natural and proximate result of an accident sustained in the performance of duty". Section 363-a creates a presumption that any condition or impairment of health, caused by diseases of the heart, which results in disability or death, was (1) incurred in the performance and discharge of duty, and (2) the natural and proximate result of an accident. Thus, section 363-a creates a presumption that a heart attack or heart failure suffered by a fireman was service-incurred and accidental. Prior to the enactment of section 363-a, neither the Comptroller nor the courts had regarded a heart attack suffered by a policeman or fireman while so employed to be either service connected or accidental; even a showing of unusually strenuous activity or great stress immediately prior to the attack was insufficient to meet the requirement of an accident (see *Matter of Croshier v Levitt,* 5 NY2d 259). Subdivision 1 of section 363-a makes the presumption encompass both the occurrence of the condition in the performance of duty and the allegation that it was the natural and proximate result of an accident "unless the contrary be proved by competent evidence". The hearing officer found that there had been no accident. "The activities of January 22, 1975 wherein Mr. DeLeon was fighting a fire were the ordinary activities expected of persons in such employment. It was hardly an unexpected event." For petitioner to succeed, there must be both a finding of an accident and a finding that death occurred as a natural and proximate result of an accident sustained in the performance of duty. If there is no finding of an accident, then recovery is barred. "The denial of benefits may rest on a finding that the incident was not truly accidental in nature" *(Matter of D'Alessandro v Levitt,* 59 AD2d 967, 968). Section 361 authorizes the Comptroller to decide that a certain event does not constitute an accident. Section 363-a simply creates a rebuttable presumption that an accident had occurred *(Matter of Weiss v Levitt,* 55 AD2d 724, mot for lv to app den 42 NY2d 802). The record indicates that the events of January 22 did not constitute an accident in any sense of the word, and the presumption with respect to that essential element has been rebutted. The testimony indicates affirmatively that decedent's activities on that day were the normal duties of a fire investigator entering a burning building to discover the cause of the fire. While section 363-a shifts the burden of proof in this respect, it does not change the long-standing legal definition of "accident" in the pension context or diminish the Comptroller's "exclusive authority" to determine the factual issue. The Comptroller found that the presumption had been rebutted and that an essential element of "accidental death" had not been established *(Matter of Timpson v New York State Policemen's & Firemen's Retirement System,* 54 AD2d 812). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.