■ In the Matter of KENNETH L. SELINGER, Petitioner, v ARTHUR S. LEVITT, as Comptroller of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller of the State of New York which denied petitioner's application for accidental disability retirement benefits pursuant to section 63 of the Retirement and Social Security Law. On May 1, 1973 petitioner was employed as a paving mechanic by the Port Authority of New York and New Jersey. His duties that day involved the repair of a taxi ramp at Newark Airport, and he was engaged in spreading a fine aggregated bituminous concrete over the damaged and eroded surface of the ramp area. At one point during that day an excessive amount of the hot gel-like concrete was dumped from a truck onto the surface being repaired, and, as part of their duties, petitioner and the other men on his work crew hurriedly raked and shoveled the substance back onto the truck before it solidified. While performing this task, petitioner experienced pain in his neck, shoulder, back and left leg, and he was subsequently found by the Comptroller to be physically incapacitated for the performance of his duties. The Comptroller further found, however, that his disability was not the natural and proximate result of an accident within the meaning of section 63 of the Retirement and Social Security Law, and, accordingly, petitioner was denied an accidental disability retirement award. This proceeding ensued. We hold that the Comptroller's determination is supported by substantial evidence and, therefore, must be confirmed. An examination of the record establishes that occasionally in petitioner's work an excessive amount of paving material would be dumped and that it was part of petitioner's ordinary duties to help clean up the excess. Moreover, it is likewise clear that petitioner was injured not by any accidental dumping of the concrete, but rather while he was engaged in his normal duties of raking the concrete into a pile so that it could be returned to the truck. Under these circumstances, the Comptroller could justifiably conclude that his "disability resulted from physical strain in the ordinary performance of his duties" (Matter of Deos v Levitt, 62 AD2d 1121, 1122) and, consequently,

deny him accidental disability retirement benefits. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Larkin and Mikoll, JJ., concur.