█ In the Matter of GERALD TREMBLAY, Petitioner, v ARTHUR LEVITT, as State Comptroller and Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller. Petitioner, a police officer employed by the City of Lockport, New York, filed an application for accidental disability retirement on May 11, 1977. In his application he stated that he was incapacitated for performance of duty as a result of an "accident" sustained on July 9, 1966 which he described as follows: "Strained upper lumbar and cervical spine when I reached to the right in a twisting fashion to untangle two bicycles that were being auctioned at the police sale". Petitioner testified at a hearing that he was assigned to conduct the yearly police auction by his captain. He described the accident as follows: "I was in the police garage and I had reached for a small bike that was stacked on a pile of bikes and grabbed the bike as I was turning around to move it, it became hooked and I snapped something in my back and the bike didn't

dislodge and I went down on my knees and had to call for some help to assist me up and take me in the police car to the doctor's office". Petitioner further stated the small bicycle was on top of a pile of four or five other bikes and that the pedal of the bike became hooked in another bike as he was making the turn. He also said that he was reaching straight out at shoulder height in reaching for the bicycle. Respondent found that the incident in which petitioner was injured did not constitute an accident within the meaning of that term as used in section 363 of the Retirement and Social Security Law. The Comptroller has "exclusive authority" under section 374 of the Retirement and Social Security Law to determine all applications for any form of retirement and his determination in such matters must be confirmed if supported by substantial evidence in the record *(Matter of Deos v Levitt,* 62 AD2d 1121; *Matter of D'Alessandro v Levitt,* 59 AD2d 967; *Matter of Donahue v Levitt,* 55 AD2d 240). There was evidence from which the Comptroller could find that petitioner while engaged in the normal course of his police duties attempted to untangle two bicycles and twisted his back causing his injury. The risk that the bike pedal might become hooked in the process was inherent in such activity. Since, on these facts, reasonable minds may differ as to whether the incident was accidental within the meaning of section 363 of the Retirement and Social Security Law, we must confirm the Comptroller's determination *(Matter of Deos v Levitt, supra; Matter of Faulkner v Levitt,* 60 AD2d 708; *Matter of D'Alessandro v Levitt, supra; Matter of Group v McGovern,* 8 AD2d 885). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.