■ In the Matter of VINCENT SANSONE, Petitioner, v ARTHUR LEVITT, as State Comptroller and Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner an accidental disability retirement allowance. On December 15, 1966, petitioner, a police officer employed by the City of Lockport, suffered a heart attack after having run a total of several hundred yards, while wearing a heavy coat and golashes, in pursuit of some youths who had been creating disturbances. There were several episodes of running during a period of two to three hours following petitioner's consumption of a large meal. After seven to eight months of convalescence, petitioner returned to work, but only to light duty. On May 11, 1977 petitioner filed an application for accidental disability retirement which was ultimately denied by the Comptroller upon the ground that the events of December 15, 1966 did not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law. Petitioner contends that respondent was required to produce sufficient evidence to overcome the presumption of section 363-a of the Retirement and Social Security Law that petitioner's heart impairment was the result of an accident, citing *Matter of Pastor v Levitt* (58 AD2d 669). The statute, however, has been amended with regard to policemen (L 1974, ch 967, § 1) and, as a result, an applicant must establish that his impairment is due to an accident (*Matter of Acciavatti v Levitt,* 57 AD2d 131; see, also, *Matter of D'Alessandro v Levitt,* 59 AD2d 967). Where, as here, there is evidence from which the Comptroller could reasonably find that petitioner's impairment

was caused by activities within the normal course of his police duties, the Comptroller's determination that the incident was not accidental within the meaning of section 363 of the Retirement and Social Security Law must be confirmed (see, e.g., *Matter of Trembley v Levitt,* 65 AD2d 901; *Matter of D'Alessandro v Levitt, supra). Matter of Brown v Levitt* (58 AD2d 915), cited by petitioner, is distinguishable both on the facts and the law. The applicant therein had logged an extraordinary amount of strenuous overtime during the days, weeks and months immediately preceding his heart attack and, in addition, the statutory presumption of accident was applicable. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.