In the Matter of MELVIN CHAYUT, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller disapproving petitioner's application for accidental disability retirement benefits. On September 25, 1972 petitioner, a Sullivan County Deputy Sheriff, was directed to assist in a search for an escaped chimpanzee. Equipped with a rifle, walkie-talkie and revolver, he searched through difficult and hilly terrain. He became sweaty and short of breath, and after resting for awhile and performing other assignments, he returned home. Early the next morning, after experiencing chest pains, he admitted himself to a hospital where he sustained a heart attack. Following a hearing, the Comptroller disapproved petitioner's application for accidental disability retirement benefits upon the ground that the incident did not constitute an "accident" within the meaning of section 63 of the Retirement and Social Security Law. This court annulled that determination and remitted the matter for further proceedings *(Matter of Chayut v Levitt,* 53 AD2d 322). In accordance with our decision, the Comptroller ordered a

medical examination of petitioner, and, in a determination dated December 14, 1977, again concluded that petitioner's disability did not result from an accident. Petitioner now seeks to annul that second determination. Section 63 (subd a, par 2) of the Retirement and Social Security Law provides, in part, that accidental disability retirement benefits shall be allowed where the disability is the result of an "accident". Since the Comptroller is vested with "exclusive authority" to determine all applications for any form of retirement (Retirement and Social Security Law, § 74, subd b), the issue is whether his determination that petitioner's disability did not result from an accident is supported by substantial evidence (see, e.g., *Matter of Croshier v Levitt,* 5 NY2d 259, 265-266; *Matter of Tremblay v Levitt,* 65 AD2d 901; *Matter of Deos v Levitt,* 62 AD2d 1121, 1122). Petitioner takes the position that since his usual duties involved photographing and fingerprinting, his activities on the date in question were unusual and extraordinary. The Comptroller, however, concluded that petitioner's disability resulted from physical exertion and activity which were part of the ordinary and expected official duties of a Deputy Sheriff. The record reveals that the responsibilities of a Deputy Sheriff include protecting lives and property, apprehending criminals and arresting suspects, and, if necessary, chasing them. Petitioner testified that on occasion he transported prisoners and guarded them in court, went on patrol, and would be required to make arrests and chase after an arrestee or prisoner who had escaped. Petitioner stated that he had once chased a suspect to apprehend him, and he finally testified that in searching for an escaped felon, it would be part of the normal routine to arm himself and carry a walkie-talkie. This evidence, in our view, provides substantial evidence from which the Comptroller could rationally conclude that petitioner's disability resulted from activities which, although different from his usual functions, were nonetheless ordinary efforts required of a Deputy Sheriff *(Matter of Chayut v Levitt, supra,* p 325; see *Matter of Croshier v Levitt, supra; Matter of Tremblay v Levitt, supra; Matter of Selinger v Levitt,* 65 AD2d 668; *Matter of Meyer v Levitt,* 64 AD2d 743; *Matter of Deos v Levitt, supra; Matter of Group v McGovern,* 8 AD2d 885). We have examined the third point raised in petitioner's brief and find it unpersuasive. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.