■  In the Matter of ALFRED HYDE, Petitioner, v ARTHUR LEVITT, as New York State Comptroller, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller. It is undisputed that the petitioner in the ordinary course of his employment was engaged in lifting a bottle of water when it slipped from his grasp at about chest height. He grabbed the bottle as it fell and sustained sharp pain across his back. The respondent has found that the event described does not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law and, therefore, the petitioner's application for accidental disability retirement was denied. Upon this proceeding, the sole issue is whether or not the determination is supported by substantial evidence (*Matter of Donohue v Levitt,* 55 AD2d 240). Upon this record, it is apparent that the incident occurred in the ordinary performance of the work and, while there is some element of accident in the slipping of the bottle, it cannot be said that the event was accidental in nature as a matter of law (see *Matter of Selinger v Levitt,* 65 AD2d 668). "The risk * * * was inherent in such activity." (*Matter of Tremblay v Levitt,* 65 AD2d 901, 902.) Determination confirmed, and pe-

tition dismissed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.