■ In the Matter of RITA D. SEIL, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental death benefits. Petitioner's husband, a fireman employed by the City of Buffalo, died on December 1, 1976. Although no postmortem examination was performed, his attending physician certified the immediate cause of death as acute myocardial insufficiency due to arteriosclerotic cardiovascular disease. The residual effect of multiple injuries sustained in May of 1964 was also noted as a significant condition contributing to his demise, and petitioner's application for benefits was largely based on the accidental and service-related nature of that incident. Her application was ultimately denied, following a hearing, on the ground that the death of her husband was not the natural and proximate result of his prior injury. Since substantial evidence supports this determination, it must be confirmed. From the evidence developed at the hearing it appears that on May 24, 1964, the deceased was working on a snorkel apparatus when it suddenly collapsed and propelled him some 70 feet to the ground causing numerous and severe fractures. His medical witnesses testified that a subsequent 1966 inferior myocardial infarction and his ultimate death were attributable, at least in part, to the earlier fall. Respondent's witness, an eminent cardiologist, was of a different view. After reviewing the available reports, he concluded that there was no relationship between these events. Although it was argued that petitioner was aided by a presumption favoring a causal connection, we agree that it was rebutted by competent evidence (see Retirement and Social Security Law, § 363-a, subd 1). The Comptroller was free to evaluate these conflicting medical opinions and accord greater weight to the one offered by the cardiologist even though he had not actually examined the deceased (cf. *Matter of Currie v Town of Davenport,* 37 NY2d 472, 476-477). Such medical facts as were actually known allowed for a difference in interpretation and we discern no reason to upset respondent's determination of the matter (see *Matter of De Leon v Levitt,* 65 AD2d 646, 647). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Herlihy, JJ., concur.

### (February 15, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT R. HENRIQUEZ, Petitioner, v EVERETT W. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent.—Motion for permission to appeal to this court from orders of the Supreme Court denying petitioner's applications for writ of habeas corpus denied, without costs, as unnecessary. The orders are appealable as of right (CPLR 7011). Mahoney, P. J., Greenblott, Staley, Jr., Casey and Herlihy, JJ., concur.