■ In the Matter of JOSEPH KUTER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner was employed by the Department of Correctional Services as a correction officer at Auburn, New York. In his application for accidental disability retirement signed April 10, 1979, petitioner described the occurrence of the injury as follows: "I was changing fuses on the catwalk of D3 & 6 Co's. at Auburn Correctional Facility when I tripped and fell while exiting catwalk area twisting left knee and ankle tearing ligaments in knee". In an application by petitioner for workmen's compensation benefits signed May 9, 1978, this description of the incident was given: "I was changing electrical fuses on catwalk D3 & 6 Co. and tripped over raise in floor while exiting catwalk." The Comptroller disapproved the application on August 28, 1979, on the ground that the incident described "does not constitute an accident within the meaning of that term as used in section 63 of the Retirement and Social Security Law." This proceeding ensued. Whether an accident occurred within the meaning of section 63 of the Retirement and Social Security Law is a factual issue which is within the "exclusive authority" of the Comptroller to determine (Retirement and Social Security Law, § 74). If the determination is supported by substantial evidence, it must be sustained (Matter of Croshier v Levitt, 5 NY2d 259). The petitioner testified that the injury occurred while he was performing the ordinary duties of his employment. He pointed to no intervening factor as a cause of the accident. He did not state that the rise in the floor was due to a defective condition or to a condition that was not present on the several previous times when he used the same catwalk in the performance of his assigned duties to inspect the fuses. We conclude that the determination of the Comptroller is supported by substantial evidence and, therefore, should be confirmed (Matter of Hyde v Levitt, 72 AD2d 623; Matter of Tremblay v Levitt, 65 AD2d 901; Matter of Deos v Levitt, 62 AD2d 1121). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.