■ In the Matter of JOHN P. TRUNZO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, the Chief of Police for the Village of Northport, New York, filed an application for accidental disability retirement on February 13, 1980. The application was based upon physical disability to perform his duties resulting from lifting and carrying automobile tires on two occasions. Specifically, in his application, petitioner stated that on April 17, 1974, it became necessary for him to replace all four tires on his police vehicle. In order to do so petitioner and another officer carried two tires each up the steps of the police building basement and he injured his back. Petitioner stated that he originally injured his back some two weeks before when he helped roll and stack tires in the basement. Respondent disapproved petitioner's application on the ground that the incidents in question did not constitute accidents within the meaning of that term as used in section 363 of the Retirement and Social Security Law. This proceeding ensued. Whether an accident occurred within the meaning of section 363 of the Retirement and Social Security Law is a factual issue which is within the "exclusive authority" of the Comptroller to determine (Retirement and Social Security Law, § 374). If the Comptroller's determination is supported by substantial evidence, it must be sustained (*Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Kuter v Regan,* 81 AD2d 941; *Matter of Tremblay v Levitt,* 65 AD2d 901). The present record contains substantial evidence from which the Comptroller could find that petitioner's injury resulted from the performance of his duties and did not constitute an accidental injury (see *Matter of Tremblay v Levitt,* 65 AD2d 901, *supra*). Accordingly, the Comptroller's determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.