■ In the Matter of JOHN H. PARK, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. While on duty as Captain of the Greenville Fire Department on November 14, 1978, petitioner, together with other fire fighters responded to an alarm involving a car fire. The police were on the scene when petitioner arrived and informed petitioner that they suspected the car contained a body in the trunk. At this time, the car was engulfed in flames and the woods surrounding the car were also on fire. Petitioner and his assistants were extinguishing the car fire when several volunteer firemen arrived and began extinguishing the nearby brush fires. During this activity, one of petitioner's men fell into a culvert, injuring himself. Accordingly, petitioner, together with three others, placed the injured fire fighter on a stretcher and carried him out to the road. While carrying the stretcher, petitioner experienced chest pain, pain in his lower arms and extreme sweating. Petitioner, however, returned to the burning car and, together with other firemen, extinguished the fire and opened the car trunk. Petitioner thereafter returned to the firehouse and reported that he was not feeling well. After resting for a few hours, petitioner still felt ill and, accordingly, visited his family physician. Petitioner was immediately admitted to a local hospital where it was diagnosed that he had suffered a heart attack. On September 5, 1979, petitioner filed an application for accidental disability retirement. The Comptroller disapproved this application on the ground that petitioner's activities on November 14, 1978 were the ordinary activities expected of petitioner and, as a result, the incident did not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law. This proceeding was then commenced. Petitioner is subject to and entitled to the benefits provided by section 363-a of the Retirement and Social Security Law which creates, *inter alia,* a presumption that a heart attack suffered by a fireman was accidental in nature (*Matter of De Leon v Levitt,* 65 AD2d 646, 648). This presumption, however, may be rebutted by substantial evidence that the heart disability was not the result of an accident (*id.; Matter of Weiss v Levitt,* 55 AD2d 724, mot for lv to app den 42 NY2d 802; *Matter of Timpson v New York State Policemen's & Firemen's Retirement System,* 54 AD2d 812). Contrary to petitioner's argument, the record provides substantial evidence to support the Comptroller's determination that the events of November 14, 1978 did not constitute an accident. Indeed, the testimony reveals that petitioner's activities on November 14 were the normal and expected duties of a fire captain. Accordingly, even assuming that the heart attack was related to the incident in question, it was not the result of an accident (see *Matter of De Leon v Levitt, supra*). The determination must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.