■ In the Matter of JOHN MEANEY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, employed as a fire fighter by the Hartsdale Fire Department since 1952, responded to a fire scene on the early morning of May 3, 1979. There he was required to pull down a portion of a ceiling, as a result of which he felt unreasonably tired. He returned home and slept during the day, resuming work at 6:00 P.M. that evening. Shortly thereafter, another fire fighter began an argument with petitioner over work assignments. During this incident, petitioner was shoved, but not injured. Within minutes, petitioner experienced chest pains and was taken to a hospital. Except for one brief interlude, he has not returned to work since that event. Respondent denied his application for accidental disability retirement upon the ground petitioner had not sustained an injury as a result of an accident within the meaning of section 363 of the Retirement and Social Security Law. The sole issue in this proceeding is whether respondent's determination is supported by substantial evi-

---

dence. It is well settled that the Comptroller is vested with "exclusive authority" to determine whether a certain event constitutes an accident (Retirement and Social Security Law, § 74, subd b; *Matter of Croshier v Levitt*, 5 NY2d 259; *Matter of De Leon v Levitt*, 65 AD2d 646). Here, petitioner concedes that the fire scene incident was a normal work occurrence and not accidental in nature (see *Matter of Siskavich v Regan*, 86 AD2d 930; *Matter of Mead v Regan*, 84 AD2d 620). Petitioner argues instead that the subsequent physical and verbal assault initiated by the other fire fighter was an unusual and unexpected occurrence accidental in nature (see *Matter of Donahue v Levitt*, 55 AD2d 240). He further contends that respondent failed to rebut the statutory presumption that an accident had occurred (Retirement and Social Security Law, § 363-a, subd 1; § 480). Upon the undisputed facts of this case, respondent could rationally determine that the events of May 3 did not constitute an "accident" in any true sense of the word and that the presumption was rebutted by competent evidence (*Matter of De Leon v Levitt, supra; Matter of Weiss v Levitt*, 55 AD2d 724, mot for lv to app den 42 NY2d 802; see *Matter of Meyer v Levitt*, 64 AD2d 743). Petitioner refused to exchange harsh words; no blows were struck by either party; and, the incident was short lived. The instant determination is supported by substantial evidence and must be confirmed (see *Matter of Berbenich v Regan*, 81 AD2d 732, affd 54 NY2d 792). Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.