■ In the Matter of STEPHEN CLAIR, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. On April 6, 1979, petitioner, a police officer with the Suffolk County Police Department, filed an application for accidental disability retirement in which he alleged that he sustained injuries to the rotator cuff and bicep tendons of his right shoulder, and damage to the sciatic nerve in his right leg and back. He contended that the conditions arose as a result of four separate incidents occurring while he was in the course of his duties. Petitioner alleges that on August 6, 1976, as he was attempting to move a "violent mental patient" from his police car at the Kings Park Hospital, the individual "became violently enraged," and "all of a sudden tried to pull away and I was leaning over trying to get him out, and my back just twisted suddenly, like a twist." The second incident occurred on November 28, 1977, when in attempting to physically remove a drunken prisoner from a squad car, he reportedly twisted his back. At one time he stated he was "bent over and felt his back pulling, twisting". At another time he related "[w]hile getting him out, I was bent over and he fell backwards causing me to twist abruptly and fall on top of him, injuring my back". The third reported incident happened on February 15, 1978 when, during an "emergency snow removal," he was assigned to block traffic on Route 110, southbound. On observing a vehicle trying to turn into the blocked-off area, he left his police car and ran toward it to stop it, and while running, slipped and twisted on a patch of ice losing his balance. In averting a fall, he "sharply twisted [his] back." The fourth and final incident was on August 19, 1978, when he attempted to handcuff a 19 year old and the individual became excited and agitated. "He turned to shove me and tried to run. I reached out and tried to grab him, but my momentum of body caused me to almost completely rotate causing the tearing of the muscles of the tendons off the bone". Petitioner later stated that "[w]hat I said was, 'my arm accidentally got caught in his jacket and the momentum of his body caused my arm to almost completely rotate tearing the muscles and tendons of the bone.' " The Comptroller disapproved petitioner's application, finding that all of the incidents "involved exertional injuries incurred in the performance of the appli-

cant's ordinary and expected duties and do not constitute accidents within the meaning of the Retirement and Social Security Law." This proceeding ensued. Whether an accident occurred within the meaning of section 363 of the Retirement and Social Security Law is a factual issue which is within the "exclusive authority" of the Comptroller to determine (Retirement and Social Security Law, § 374). If the Comptroller's determination is supported by substantial evidence, it must be sustained (*Matter of Croshier v Levitt*, 5 NY2d 259; *Matter of Trunzo v Regan*, 87 AD2d 955; *Matter of Tremblay v Levitt*, 65 AD2d 901). There is substantial evidence in the record to support the determination of the Comptroller. The Comptroller could properly find that these risks were inherent in the routine police work described in this record (see *Matter of Park v Regan*, 88 AD2d 1018). Accordingly, we must confirm. Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.