■ In the Matter of ROBERT SMITH, Petitioner, v NEW YORK STATE POLICE-MEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner was employed by the Long Island Parkway Police commencing August 1, 1955. It is conceded that he is presently disabled and incapable of performing his duties. Petitioner seeks accidental disability retirement benefits. During his years of employment, petitioner sustained a number of injuries, two of which involved his back. On January 16, 1961, he fell over a curb while responding to a police call. On November 29, 1969, he fell from a horse while testing it for a friend. This injury required him to wear a body cast from his waist to his neck for seven months. Finally, he fell on January 11, 1974, while pursuing a burglary suspect. This event required hospitalization. It is petitioner's contention that this incident was accidental and caused his present disability. Petitioner's physician, Dr. O'Malley, diagnosed his injury as a chronic lumbosacral sprain caused by the January 11, 1974 fall. Dr. Kuchner, a neurosurgeon who operated on petitioner's back on August 23, 1980 and removed a herniated disc, indicated that petitioner would have permanent residual pain and opined that the January 11, 1974 incident was capable of causing the injury. Dr. O'Conner testified for the retirement system. It was his opinion that petitioner's injuries and disability were not attributable to the January 11, 1974 fall but were the result of the aging process, that is, the wear and tear on the spinal column from life's activities, and were further aggravated by petitioner's obesity. The Comptroller disapproved petitioner's application for accidental disability retirement crediting Dr. O'Connor's testimony in finding that petitioner's disability was not due to accidental disability and was not work related. Petitioner contends that the decision is not supported by substantial evidence. He also contends that the retirement system violated his due process rights when it engaged his personal physician's partner to testify for the system. We note initially that the Comptroller is vested with the exclusive authority to determine applications for benefits, and when his decision, as here, is based on substantial evidence, it must be upheld (*Matter of Trunzo v Regan*, 87 AD2d 955; *Matter of Sica v New York State Employees' Retirement System*, 75 AD2d 927, affd 52 NY2d 941). The Comptroller simply resolved the conflict in medical testimony against petitioner. We find that the decision is supported by substantial evidence. On the due process claim first propounded in this proceeding by petitioner, we hold that the objection was not raised at the administrative hearing level and failure to do so bars its review here (*Matter of Malkin v Tully*, 65 AD2d 228). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.