In the Matter of BERNARD HOYT, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, a police officer, responded to a call of a nine-year-old choking child and, after dislodging food in the child's throat, administered mouth-to-mouth resuscitation, carried her to the police car and drove to a hospital in bad weather, during which drive they had a near head-on collision. Petitioner felt tired and short of breath and apparently collapsed outside the hospital where he was later diagnosed as having suffered a heart attack. Following a hearing, respondent denied petitioner's application for accidental disability retirement under section 363 of the Retirement and Social Security Law on the ground the occurrence did not constitute an accident within the meaning of the law. Petitioner's principal argument that administering resuscitation and the Heimlich maneuver are not usual duties and that the emergency situation was nonroutine and unusual work activity, is unpersua-

sive. There should be a confirmance. Although subdivision 2 of section 363-a of the Retirement and Social Security Law creates a presumption that a heart attack suffered by a policeman is accidental in nature (see *Matter of De Leon v Levitt,* 65 AD2d 646, 648), this presumption may be rebutted by substantial evidence that the heart disability was not the result of an accident (*Matter of Park v Regan,* 88 AD2d 1018). The record shows that petitioner had been trained to administer the Heimlich maneuver and resuscitation and that his duties required him to respond to situations such as the one presented here involving the choking child and transportation of victims to a hospital. He further testified that he had administered resuscitation himself and witnessed application of the maneuver previously, and that there was not anything different in this situation. Whether an accident occurred within the meaning of the subject law is a factual issue within the "exclusive authority" of the Comptroller to determine (*Matter of Clair v Regan,* 89 AD2d 663, 664). If the Comptroller's determination is supported by substantial evidence, it must be sustained (*Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Trunzo v Regan,* 87 AD2d 955; *Matter of Tremblay v Levitt,* 65 AD2d 901). Petitioner's own testimony provides substantial evidence to support the determination that the activities performed and risks in question were inherent in routine police work described in this record and for which petitioner received training. As such, they cannot be said to be accidental in nature (*Matter of Clair v Regan,* 89 AD2d 663, *supra; Matter of Park v Regan,* 88 AD2d 1018, *supra; Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.