■ In the Matter of JOHN P. DALY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. In denying petitioner's application for accidental disability retirement, respondent Comptroller held that two incidents described did not constitute accidents within the meaning of section 363 of the Retirement and Social Security Law.* On October 29, 1979, while acting as aide to the battalion chief, petitioner ran up and down three fire escapes with a portable radio looking for the source of a reported fire. Later on the same shift while helping lay a firehose inside a "working fire", he was exposed to and

---

* Petitioner in his brief has abandoned his contention that a May 22, 1980 incident qualified as an accident electing instead to rely only upon an October 29, 1979 incident.

inhaled a heavy blast of smoke which forced him to go outside for fresh air. Although feeling dizzy and having a sore throat, he continued to work. On October 31, while off duty, he suffered cardiac arrest requiring two weeks of hospitalization and was out of work until May 4, 1980. He underwent open heart surgery and returned to light duty on July 22, 1980. He left the job March 16, 1981 and applied for accidental disability retirement August 3, 1981. Following respondent's initial denial, a hearing was held which resulted in respondent's adoption of the hearing officer's findings that the inhalation of smoke was an expected occurrence, usual in the duties of a firefighter and an inherent risk, not constituting an accident. The sole issue in this transferred CPLR article 78 proceeding is whether respondent's determination is supported by substantial evidence. Whether an accident occurred within the meaning of the subject law is a factual issue within the "exclusive authority" of the Comptroller to determine (*Matter of Hoyt v Regan,* 93 AD2d 937, 938; *Matter of Clair v Regan,* 89 AD2d 663, 664). The law creates a presumption that an impairment of health caused by diseases of the heart which results in disability or death of a policeman or fireman was incurred in the performance of duty and is the natural and proximate cause of an accident (Retirement and Social Security Law, § 363-a, subd 1), unless the contrary be proved by competent evidence (*Matter of De Leon v Levitt,* 65 AD2d 646, 648). "The denial of benefits may rest on a finding that the incident was not truly accidental in nature" (*Matter of D'Allesandro v Levitt,* 59 AD2d 967, 968). Determinations of the Comptroller denying benefits on the ground that no accident occurred have been consistently upheld where the incident could reasonably be expected in the performance of duty (e.g., *Matter of Hoyt v Regan,* 93 AD2d 937, *supra* [policeman's administration of Heimlich maneuver to choking child]; *Matter of Clair v Regan,* 89 AD2d 663, *supra* [policeman strained back while struggling with prisoners]; *Matter of Meaney v Regan,* 88 AD2d 1020 [firefighter pulling down part of burning ceiling]; *Matter of Park v Regan,* 88 AD2d 1018 [fire chief helping carry injured fireman on stretcher]; *Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792 [emotional injury when policeman accidentally shot clergyman while answering church burglar alarm]; *Matter of De Leon v Levitt,* 65 AD2d 646, *supra* [fire investigator lifting heavy bundles to examine attic floor]). Examination of the record discloses that while assisting two firemen inside a burning building, petitioner encountered a "surge of black smoke and fire", that he "took one big blast of smoke" and that he "got one big swallow". Petitioner erroneously interprets *Matter of Lichtenstein v Board of Trustees* (57 NY2d 1010) as requiring only that the incident be sudden and out of the ordinary, without consideration of whether it be a "risk inherent in the task". Petitioner's own testimony and that of his witnesses and his exhibits provide substantial evidence to support respondent's determination that inhalation of smoke while fighting a fire is a risk inherent in routine fire fighting and cannot be said to be accidental in nature (*Matter of Hoyt v Regan,* 93 AD2d 937, 938, *supra*), thereby rebutting the statutory presumption. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.