■ In the Matter of ROBERT T. INFELICE, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme

Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

On January 31, 1985, petitioner was involved in an automobile accident while on duty as a police officer employed by the Village of Larchmont, Westchester County. Thereafter two applications were filed for disability retirement benefits (see, Retirement and Social Security Law §§ 363, 363-c) alleging that, as a result of back injuries he sustained in the accident, petitioner was now permanently disabled. Respondent Comptroller denied both applications on the ground that, although petitioner was unable to perform the duties of a police officer, his disability was not proximately caused by an injury sustained in the line of duty. Petitioner requested a hearing and redetermination of the two disapproved applications pursuant to Retirement and Social Security Law § 374 (d).

A hearing encompassing both claims was commenced on January 15, 1987. At the hearing, petitioner presented the medical testimony of Dr. Stephen Klass, a neurologist who had begun treating petitioner shortly after the accident. Klass testified that he had diagnosed petitioner's condition as an acute herniated L5-S1 disc, which in his opinion, was caused by the automobile accident on January 31, 1985. Dr. Nicholas De Palma, a neurosurgeon who performed a laminectomy on petitioner in May 1987, also testified at the hearing. De Palma opined that the accident caused petitioner's back problem based on the fact that petitioner was relatively asymptomatic prior to the accident.

The medical witness for respondent New York State Policemen's and Firemen's Retirement System was Dr. Sydney Eichenholtz, an orthopedic surgeon. Eichenholtz testified that, based upon his own examination of petitioner and review of the medical records, petitioner's disability was caused by a degenerative disc disease as evidenced by a central calcification at the L5-S1 disc revealed in a CAT scan shortly after the accident. Eichenholtz believed that the calcification could not have been caused by the trauma of the accident and must have taken at least two years to develop. He further testified that, in his opinion, the accident did not aggravate this preexisting condition.

Following the hearing, a decision was rendered by the Hearing Officer that petitioner's disability was due to a long degenerative process and, hence, was not causally related to

the accident. On November 30, 1987, the Comptroller issued his final determination denying petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner commenced this CPLR article 78 proceeding to annul the Comptroller's determination, alleging that it was arbitrary and capricious and unsupported by substantial evidence. We disagree. The Comptroller is vested with exclusive authority to evaluate conflicting medical evidence *(see, Matter of Foresta v New York State Policemen's & Firemen's Retirement Sys.,* 95 AD2d 893, 894; *Matter of Smith v New York State Policemen's & Firemen's Retirement Sys.,* 89 AD2d 674). Petitioner's contention that the Comptroller's decision to credit the testimony of the Retirement System's medical expert was arbitrary and capricious must be rejected *(see, Matter of Anderson v Regan,* 86 AD2d 925, 926, *lv denied* 56 NY2d 504). Since the Comptroller's decision denying petitioner disability retirement benefits was supported by substantial evidence, it must be confirmed.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.