■ In the Matter of ROBERT HEISLER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. [594 NYS2d 462] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a firefighter, claimed that during the performance of his duties as an assistant alarm dispatcher he encountered two incidents in 1988 so stressful in nature that they left a damaging impact on his psyche. Petitioner's psychiatrist testified that petitioner suffered from posttraumatic stress disorder as the result of his past experiences which included his military service in Vietnam. It was his opinion that the 1988 incidents activated petitioner's previous experiences. We find substantial evidence in the record to support the conclusion by respondent Comptroller that petitioner's stresses were a "manifestation of several factors" and that he failed to sustain his burden of proving that his alleged disability was the natural and proximate result of experiences associated solely with his duties as a dispatcher (see, Matter of Mahan v New York State & Local Police & Fire Retirement Sys., 161 AD2d 881). Petitioner's psychiatrist never stated that the incidents were the principal cause of the alleged disability; he stated only that the incidents "activated" petitioner's problem. There was therefore no error in the denial of petitioner's application for performance of duty disability retirement benefits.

We turn next to petitioner's contention that the 1988 incidents constituted accidents within the meaning of Retirement and Social Security Law § 363 (a) (1). Injuries emanating from risks inherent in an employee's duties are not considered accidents (see, Matter of Galioto v Regan, 126 AD2d 880). Here, there is substantial evidence to support the Comptroller's conclusion that the 1988 incidents involved petitioner's routine duties of dispatching ambulances to rescue scenes (see, Matter of Hambel v Regan, 174 AD2d 891, affd 78 NY2d 1092; Matter of Kuter v Regan, 81 AD2d 941). As the Comptroller

noted, the fact that an ambulance from a further station was sent in one case and that an ambulance broke down in the second instance, thus contributing to the death of both parties, did not make petitioner's routine duties out of the ordinary and accidental in nature *(see, Matter of DiFede v Regan,* 130 AD2d 832). Thus, his application for accidental disability retirement benefits was also properly denied. Petitioner's remaining contentions have been considered and rejected as either unpreserved for review or unpersuasive.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.