■ In the Matter of Francesca Lopez, Petitioner, v H. Carl McCall, as New York State Comptroller, Respondent. [652 NYS2d 906] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for ordinary disability retirement benefits and accidental disability retirement benefits.

On April 20, 1992, petitioner applied for ordinary and accidental disability retirement benefits. According to petitioner, whose job was classified as "Food Service Worker I", she was injured on December 26, 1989 while lifting a pot of hot food onto a "truck" or carrier. Ultimately, respondent denied petitioner's application for accidental disability retirement benefits on the ground that the December 1989 incident did not constitute an accident and denied petitioner's application for ordinary disability retirement benefits due to petitioner's failure to prove that she was permanently incapacitated from performing her job duties. This proceeding to review respondent's determination ensued.

Turning first to the question of whether petitioner demonstrated a disability that precluded her from performing her duties, although petitioner's physician concluded that petitioner's condition was disabling, there is medical proof in the record to support a contrary conclusion. In this regard, the expert for the New York State and Local Employees' Retirement System testified that although petitioner had subjective complaints, he was unable to find evidence on physical examination of any condition that would prevent petitioner from performing her duties of employment. Inasmuch as respondent is vested with exclusive authority to evaluate conflicting medical evidence (*see, Matter of Infelice v New York State Policemen's & Firemen's Retirement Sys.*, 149 AD2d 847, 849), we find substantial evidence to support respondent's determination that petitioner failed to sustain her burden of proof on this issue.

As to the issue of whether the December 1989 incident constituted an accident, respondent found that at the time of her injury, petitioner was engaged in the ordinary performance of her expected duties, that her injury was the result of the exertion required in performing such duties and, further, that the risk of an exertional injury was inherent in the activity performed. Petitioner did not claim that lifting pots was not part of her duties, and although she stated that she slipped on water that spilled as she was taking the pans out, she also stated that she did not fall and that she hurt herself only as she tried to put "the pots on the truck, on top of the truck".

For an injury to be considered accidental, "it must result from a sudden, unexpected and fortuitous mischance unrelated to the ordinary risks of employment" (*Matter of Farruggio v McCall*, 222 AD2d 925, 926). In view of the proof presented, we find that substantial evidence supports respondent's finding that petitioner's injury did not result from an accident within

the meaning of Retirement and Social Security Law § 63 (*see, Matter of Register v McCall,* 222 AD2d 930). Accordingly, respondent's determination must be confirmed.

Casey, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.