◼ In the Matter of LESLIE COLE-HATCHARD, on Behalf of DOUGLAS J. COLE-HATCHARD, JR., Deceased, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [760 NYS2d 573] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 25, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for accidental death benefits.

On March 15, 2000, petitioner's husband (hereinafter decedent), a detective with the Town of Stony Point Police Department, was found unresponsive in his home and later pronounced dead at a hospital. The cause of death was listed as coronary thrombosis and myocardial infarction. Since, prior to his collapse, decedent received a telephone call summoning him to work an overtime shift, it is undisputed that he was considered to be on duty under the employer's rules at the time of his death. Following a hearing in connection with petitioner's application for accidental death benefits from the New York State and Local Retirement Systems, respondent denied the application concluding that petitioner had not sustained her burden of demonstrating that decedent sustained an "accident"

in service on the date of his death. Petitioner's CPLR article 78 proceeding challenging respondent's determination was dismissed by Supreme Court, prompting this appeal.

Retirement and Social Security Law § 361 (a) (1) provides accidental death benefits for police officers and firefighters if, among other things, the officer's death was "the natural and proximate result of an accident sustained in the performance of duty." Retirement and Social Security Law § 363-a (1) and (2) provide to police officers and firefighters a presumption that "any condition of impairment of health caused by [heart disease]" is presumed to have been incurred in the performance of duty. However, a further presumption that said condition was the "natural and proximate result of an accident" is only specifically provided in the provision applicable to firefighters (Retirement and Social Security Law § 363-a [1]).

Petitioner maintains that the "accident" presumption in favor of firefighters should similarly apply to police officers. However, this Court in *Matter of Acciavatti v Levitt* (57 AD2d 131 [1977]) specifically held otherwise.* Therefore, to prevail, a police officer "must establish, among other things, that the [heart attack] is the proximate result of an accident" (*Matter of Acciavatti v Levitt, supra* at 133; *see Matter of Ellison v Regan,* 189 AD2d 1076, 1076 [1993], *lv denied* 81 NY2d 709 [1993]; *Matter of Sansone v Levitt,* 67 AD2d 1044, 1044 [1979]; *Matter of Meyer v Levitt,* 64 AD2d 743, 743 [1978]; *Matter of D'Alessandro v Levitt,* 59 AD2d 967, 967-968 [1977]). Here, inasmuch as petitioner made no such showing, we must conclude that respondent's determination was proper (*see Matter of Ellison v Regan, supra; Matter of Acciavatti v Levitt, supra*).

The remaining contentions raised by petitioner have been examined and found unpersuasive.

Mercure, Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* In *Matter of Acciavatti v Levitt* (*supra*), this Court examined the legislative history of the statute and concluded that the 1974 amendment to the provision, which deleted the accident-presumption language for police officers, clearly manifested the Legislature's intent to limit the presumption (*see id.* at 133; *see also* L 1974, ch 967). Moreover, since the 1974 amendment, the Legislature has reenacted Retirement and Social Security Law § 363-a, through Retirement and Social Security Law § 480, every two years without adding the accident-presumption language back into the statute as applying to police officers.