■ In the Matter of LEONARD J. HUETHER, as Fire Chief of the City of Rochester, on Behalf of WALTER HAUSER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits for firefighter Walter Hauser.

On July 1, 1987, petitioner applied for accidental disability retirement benefits on behalf of Walter Hauser, a firefighter employed by the City of Rochester. After responding to a fire, Hauser was injured by the inhalation of toxic fumes created by burning plastic at the site. The application was denied by respondent and petitioner sought a redetermination. At a subsequent hearing, Hauser testified that when he arrived at the site, the fire was out and that, upon commencing clean-up operations, he was overcome by odorless, invisible toxic vapors. Deputy Chief Howard Travis testified that, prior to the incident involving Hauser, firefighters had experienced the effects from invisible toxic fumes but that it had been difficult to differentiate those effects from heat fatigue. The Hearing Officer found that petitioner had not met the burden of proof for his claim and respondent, concluding that the incident was not an accident within the meaning of Retirement and Social Security Law § 363, denied the application. This proceeding followed.

Finding respondent's determination supported by substantial evidence (see, Matter of Finnegan v Regan, 116 AD2d 878, 879), we confirm the determination and dismiss the petition. To be eligible for accidental disability retirement benefits, the applicant bears the burden of proving that the injury was a " 'sudden, fortuitous mischance, unexpected [and] out of the ordinary' " (Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012, quoting Johnson

*Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222; *see, Matter of Finnegan v Regan, supra).* "An injury emanating from risks inherent in an employee's regular duties * * * or 'sustained while performing routine duties but not resulting from unexpected events' * * * is not accidental" *(Matter of Johnson v New York State Employees' Retirement Sys.,* 151 AD2d 915, 916, quoting *Matter of McCambridge v McGuire,* 62 NY2d 563, 568). Here, respondent could properly conclude from the record that the presence of toxic fumes at the site of a fire is "a risk inherent in the applicant's regular duties as a firefighter". Although not as obvious as the inherent risk of "a 'surge of black smoke and fire' " *(Matter of Daly v Regan,* 97 AD2d 575, 576, *lv denied* 61 NY2d 602), toxic fumes were a known danger to firefighters at the time of Hauser's injury and the inhalation of such fumes in this instance could be found not to be accidental in nature.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.