■ In the Matter of EUGENE MAY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner had been a police officer in the Nassau County Police Department since January 1972. In December 1987, he filed an application for accidental disability retirement benefits as a result of an alleged accident which occurred in the course of his employment in July 1981. This application was denied and petitioner timely requested a hearing. At the hearing, petitioner related that while on duty on July 26, 1981, he and a fellow officer responded to the aid of a 300-pound woman who had fallen. The officers secured the woman to a trundle and then attempted to place the trundle in a waiting ambulance. However, because the ambulance was allegedly missing its tailboard, petitioner was required to lift the trundle higher than he normally would have. When the wheel of the trundle became stuck petitioner had to lift it even higher, resulting in an injury to his back. Following the hearing, respondent Comptroller concluded that petitioner's injuries resulted from exertion in the course of his duties and did not constitute an accident as contemplated by Retirement and Social Security Law § 363. Petitioner thereafter commenced this proceeding, which was transferred to this court, to challenge the Comptroller's determination.

The authority to determine applications for retirement benefits is vested solely in the Comptroller and his determination must be upheld if supported by substantial evidence (see, Retirement and Social Security Law § 374 [b]; Matter of Cantello v Regan, 154 AD2d 867). In order to be eligible for accidental disability retirement benefits, petitioner's disability must arise out of an accident that occurred in the course of performing his duties (Retirement and Social Security Law § 363). For this purpose, he must show that the injury was a sudden, unexpected and fortuitous happening, and injurious in impact (see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012). Clearly, injuries which do not result from unexpected events, but which emanate from risks inherent in the job or occur during the performance of routine duties, are not accidental (see, Matter of Huether v Regan, 155 AD2d 860). Here, petitioner basically contends that the alleged lack of a tailboard on the ambulance

and the fact that the wheels became stuck caused his accident. The Comptroller could properly conclude from the record, however, that petitioner's injury resulted not from an accidental and unexpected event, but from the physical effort he applied in lifting the trundle as part of the ordinary performance of his duties (see, Matter of Chambers v Regan, 125 AD2d 920, 921). Since this conclusion is sufficiently supported by the evidence, the determination must be confirmed.

Additionally, there is no merit to petitioner's suggestion that the determination should be annulled because the Hearing Officer allegedly applied the wrong legal analysis in reaching his determination. It is the Comptroller's determination which is under review here and the Comptroller properly focused on the precipitating cause of petitioner's injury (see, Matter of McCambridge v McGuire, 62 NY2d 563, 568) in reaching his determination.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.