■ In the Matter of ROBERT A. HAAS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was a police officer in the City of Buffalo since July 1961. On December 23, 1988 he filed an application for accidental disability retirement benefits for an alleged accident which occurred in the course of his employment in February 1975. Petitioner's application was disapproved on April 17, 1989 and he timely requested a hearing. At the hearing, petitioner stated that he was required to report to the shooting range twice a year to qualify for shooting his firearm. On February 27, 1975, he reported to the shooting range during his regular working hours. He put on the required earmuff-style protector for his ears as well as earplugs, which were not required equipment at the shooting range. Although there were other booths available for other police officers to use for shooting practice, he did not notice or

see any other officers at the range when he first arrived. After shooting a number of rounds, petitioner removed his protector and earplugs in order to hear a statement previously made by the shooting instructor. At that moment, a pistol was fired by another police officer who was about four feet away from petitioner, causing a loud noise and injury to both of his ears. Petitioner conceded that he had known from his almost 15 years of experience that the shooting range could be used by more than one police officer at the same time. Following the hearing, respondent determined that petitioner's injuries were the result of a risk inherent in the performance of his regular duties and did not constitute an "accident" as contemplated by Retirement and Social Security Law § 363. Petitioner thereafter commenced this proceeding, which was transferred to this court pursuant to CPLR 7804 (g), to review the determination.

Respondent is solely vested with the authority to determine applications for retirement benefits and his determination must be upheld provided it is supported by substantial evidence (see, Retirement and Social Security Law § 374 [b], [d]; CPLR 7803 [3]; *Matter of May v Regan,* 159 AD2d 769). In order to be eligible for accidental disability retirement benefits, petitioner's disability must arise out of an "accident" that occurred in the course of his employment (see, Retirement and Social Security Law § 363 [a] [2]). An "accident" has been defined as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222). However, injuries which do not result from unexpected events, but which emanate from risks inherent in an employee's regular duties or occur during the performance of routine duties, are not accidental *(see, Matter of Johnson v New York State Employees' Retirement Sys.,* 151 AD2d 915, 916).

In this proceeding, petitioner knew from his years of experience that the shooting range could be and was used by other police officers to qualify their firearms. Petitioner removed both his protector and ear plugs based upon his assumption that no other police officers were present. Unfortunately, he was incorrect, as a result of which he sustained injuries to both of his ears when another officer fired a pistol while in close proximity to petitioner. Respondent could properly conclude from the record that petitioner's injury did not result from an accidental or unexpected event, but rather was a risk inherent in petitioner's performance of his duties at the

shooting range *(see, Matter of Huether v Regan,* 155 AD2d 860, 861, *lv denied* 75 NY2d 705; *Matter of Wilson v Regan,* 98 AD2d 929; *Matter of Menna v New York City Employees' Retirement Sys.,* 91 AD2d 537, *affd* 59 NY2d 696).

Casey, J. P., Weiss, Mikoll and Levine, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.