In the Matter of HENRY HAMBEL, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner filed an application for accidental disability retirement benefits alleging that he was injured in the course of his duties as a result of an accident occurring on November 17, 1986. The application was denied by respondent Comptroller on the basis that the precipitating incident which caused injury to petitioner and disabled him did not constitute an accident within the meaning of the term "accident" as used in Retirement and Social Security Law § 363. This CPLR article 78 proceeding ensued.

The following facts are uncontested. Petitioner, a police officer in the Suffolk County Police Department, sustained a disabling injury to his left ear as a result of the fire siren at a local fire station sounding when he was about 60 feet away from it. Petitioner was directed to commence his tour of duty by reporting to the fire station two times a week; he was to pick up his official vehicle there and to return it to the same location at the conclusion of his tour of duty. Petitioner had been reporting to the same fire station for four months. In addition, he had used other fire stations as a relief point for approximately two years and had found himself in like situations, as part of his duties, on over 100 occasions.

The Comptroller is solely vested with the authority to determine applications for retirement benefits and his determination must be upheld if it is supported by substantial evidence (Matter of Finnegan v Regan, 116 AD2d 878, 879). In order to be eligible for accidental disability retirement benefits, petitioner's disability must arise out of an "accident" that occurred in the course of his employment (see, Retirement and Social Security Law § 363 [a] [3]). For this purpose an "accident" has been defined as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012, quoting Johnson Corp. v Indemnity Ins. Co., 6 AD2d 97, 100, affd 7 NY2d 222). It is clear that petitioner bears the burden of proof in demonstrating that his injury was the result of an accident (see, Matter of Huether v Regan, 155 AD2d 860, lv denied 75 NY2d 705). Upon a CPLR article 78 proceeding to review the Comptroller's determination, the focus of this court is on the "precipitating cause of injury" (Matter of McCambridge v McGuire, 62 NY2d 563, 567; see, Matter of Pratt v Regan, 68 NY2d 746).

We agree with the Comptroller's finding that the sounding of the siren constituted a sudden, inopportune, fortuitous mischance, but that this event was not out of the ordinary or unexpected. Rather, it was a risk inherent in petitioner's

regular duties. The presence of a fire siren at petitioner's relief point and the possibility of its sounding is not an event which is out of the ordinary. It could be expected to go off from time to time and was therefore a risk inherent in the course of petitioner's duties (see, Matter Lichtenstein v Board of Trustees of Police Pension Fund, supra; Matter of Finnegan v Regan, supra). Casey, J. P., and Weiss, J., concur.

Crew III, J. (dissenting). We respectfully dissent.

In this proceeding, petitioner demonstrated that while on duty his left ear was injured upon impact of the high intensity of the sound waves emitted from the fire station siren; that the siren suddenly and unexpectedly sounded without any apparent reason; that it was only a fortuitous mischance that he was 60 feet away and beneath the siren when it sounded; and that the loudness and intensity of the sound waves from the siren was greater than what he ordinarily heard from sirens in the distance. The Hearing Officer found that the sounding of the siren constituted a sudden, inopportune, fortuitous mischance, but concluded that the event was not out of the ordinary or unexpected because it was a risk inherent in petitioner's regular duties. We disagree.

The event that occurred herein is not inherent in police work. Had the "accident" been the result of the siren installed in petitioner's police vehicle such a conclusion could logically be reached, but such is not the case. We find, therefore, as a matter of law, that petitioner's injury was the result of an "accident" within the meaning of Retirement and Social Security Law § 363. Accordingly, we would annul the determination and grant the petition.

Levine, J., concurs. Adjudged that the determination is confirmed, and petition dismissed, without costs.