■ In the Matter of WILLIAM WANNERMEYER, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability retirement benefits and disability retirement benefits.

Petitioner had been employed by the Lynbrook Public School District in Nassau County as a cleaning person for approximately 6½ years. While working on the 3:00 P.M. to 11:00 P.M. shift on June 14, 1988, he was unable to exit the secretaries' lounge because of a jammed door lock. Having neither tools nor means to call for help or to escape, petitioner testified that he proceeded to break the door down by "hitting my shoulder into the doors * * * at least a half a dozen times", in the course of which he allegedly sustained injuries diagnosed as a cervical "herniated disc at C-5, C-6 with radiculopathy" *[sic].* Petitioner's applications for accidental disability retirement benefits and disability retirement benefits (Retirement and Social Security Law §§ 507, 605) were both disapproved on the basis that the alleged incident did not consti-

tute an accident as that term is used in the applicable statutes. After a hearing pursuant to Retirement and Social Security Law § 74, respondent denied both applications, giving rise to this CPLR article 78 proceeding.

The determination should be confirmed and petition dismissed. Although the term accident is not specifically defined by statute, the Court of Appeals has adopted a commonsense definition of accident to be a " 'sudden fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222; *see, Matter of Echols v Regan,* 161 AD2d 1024; *Matter of Pugliese v New York State & Local Employees Retirement Sys.,* 161 AD2d 1095; *Matter of May v Regan,* 159 AD2d 769). Critical to that determination is the precipitating accidental event *(Matter of McCambridge v McGuire,* 62 NY2d 563, 568), which must be unexpected *(Matter of Echols v Regan, supra,* at 1025).

The uncontroverted testimony by petitioner established that the injuries resulted not from an accidental and unexpected event, but from his attempts to break open a locked door by hitting it with his shoulder at least six times. Rather than being a "sudden, fortuitous mischance" or "unexpected" *(see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund, supra,* at 1012), the injuries were the result of intentional, deliberate and purposeful acts. Since this conclusion is sufficiently supported by the evidence, the determination must be confirmed *(see, Matter of May v Regan, supra,* at 770).

Casey, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.