In the Matter of ELIZABETH MURPHY, Appellant, v WILLIAM BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [640 NYS2d 17]

Petitioner failed to establish entitlement to such benefits by demonstrating that his loss of hearing was the natural and proximate result of a service-related accident, which is a prerequisite to a grant of accident disability pension benefits (*Matter of Canfora v Board of Trustees*, 60 NY2d 347, 352; *Matter of Ortiz v New York City Employees' Retirement Sys.*, 173 AD2d 237, *lv denied* 78 NY2d 864). Petitioner's participation in firing exercises at the firing range was a part of her routine duties as a police officer and the hearing loss sustained as a result was not the kind of sudden and unexpected event necessary to constitute an accident (*see, Matter of Schussler v Codd*, 59 NY2d 698, 700, citing *Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010). Rather, the hearing loss "was a risk inherent in petitioner's regular duties" (*Matter of Hambel v Regan*, 174 AD2d 891, 892-893, *affd* 78 NY2d 1092).

We have considered petitioner's other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.