■ In the Matter of MICHAEL L. PRYOR, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [788 NYS2d 239]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a firefighter for the City of New Rochelle Fire Department, was injured on December 22, 2001 while responding to a house fire. On that date, petitioner was assigned to the nozzle on the engine truck and, hence, was responsible for getting the hose from the engine to the structure and using it to fight the fire. When the engine truck arrived at the scene, it had to park approximately 150 feet from the house behind two other fire trucks. Petitioner removed what he estimated to be an appropriate length of hose from the engine, placed the hose on his shoulder and started toward the house. When he was approximately 10 feet away, a metal butt on the hose, a portion of which was dragging on the ground, became lodged between a vehicle tire and the curb, jerking petitioner backward. Petitioner, who sustained injuries to his back as a result of this incident, thereafter filed the instant application for accidental disability retirement benefits, which was denied upon the ground that petitioner did not sustain an "accident" within the meaning of Retirement and Social Security Law § 363. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to challenge respondent's denial of his application for benefits.

Petitioner bears the burden of demonstrating that the injuries sustained resulted from an accident (see Matter of Mirrer v Hevesi, 4 AD3d 722, 723 [2004]). An accident within the meaning of Retirement and Social Security Law § 363 is "a 'sudden fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982], quoting Johnson Corp. v Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1958], affd 7 NY2d 222 [1959]). Hence, "an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (Matter of Cadiz v McCall, 236 AD2d 766, 766 [1997]).

Petitioner, an experienced firefighter, was injured while carrying a hose to a structure fire. Although he now argues that the fact that his crew was short personnel on the day he was injured, coupled with the need to park the engine truck some distance from the structure, takes this incident outside the scope of his ordinary employment duties and gives rise to a compensable accident, such claims are belied by petitioner's own testimony. Petitioner acknowledged that he was experienced in using the water tank from the engine to provide water to a fire and had carried the hose by himself on prior occasions. Petitioner also admitted that this was not the first time the engine had to park a distance from a fire because other fire vehicles arrived at the scene first or unrelated vehicles otherwise were in the way. That being the case, we cannot say that respondent erred in determining that petitioner was injured as a result of activities undertaken in the ordinary course of his duties as a firefighter. As respondent's determination is supported by substantial evidence in the record as a whole, petitioner's application was properly denied.

Peters, Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.