■ In the Matter of Jack La Bella, Petitioner, v Alan G. Hevesi, as State Comptroller, Respondent. [810 NYS2d 603]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was a fire captain with the New Rochelle Fire Department in Westchester County. He was injured on March 22, 2003 when one of the crew members he was supervising activated the air horn and siren on a fire engine located inside the firehouse during a routine inspection. Petitioner was in close proximity to the fire engine at the time and immediately experienced ringing in his ears. He later filed an application for accidental disability retirement benefits due to hearing loss he suffered as a result. Following the initial denial of his application, a hearing was conducted before a hearing officer who found that the incident in question did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and, therefore, upheld the denial. Respondent adopted the findings and conclusions of the hearing officer, resulting in this CPLR article 78 proceeding.

We confirm. For purposes of the Retirement and Social Security Law, an accident has been defined as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). An injury, however, is not considered accidental if it emanates from a risk inherent in the regular duties of the job

(*see Matter of Huether v Regan*, 155 AD2d 860, 861 [1989], *lv denied* 75 NY2d 705 [1990]). Here, the evidence established that the fire engine apparatus, including the siren and horn, was inspected on a weekly basis according to a prepared checklist, and it was both required and expected that the inspection would be conducted that day. Although petitioner indicated that it was customary to run the engine when testing the horn and that neither the horn nor siren were to be sounded while inside the firehouse, there was no proof that these provisions were part of an established, required procedure. Thus, while the timing of the test was certainly inopportune, it cannot be said to have been unexpected or out of the ordinary. In view of the above, as well as the fact that petitioner was engaged in his ordinary duties of inspecting the firehouse at the time of the incident, substantial evidence supports the conclusion that his injury occurred as the result of a risk inherent in his job and was not accidental in nature (*see e.g. Matter of Hambel v Regan*, 174 AD2d 891 [1991], *affd* 78 NY2d 1092 [1991]).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.