■ In the Matter of JOSEPH CONKLING, JR., Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [838 NYS2d 736]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

In July 2000, petitioner applied for accidental disability retirement benefits based upon an injury that occurred in November 1998 when, while working as an elevator operator, he attempted to climb out of an elevator that, in turn, had stopped approximately three feet below floor level. As petitioner exited the elevator, he fell and sustained various injuries. Respondent Comptroller denied the application upon the ground that this incident did not constitute an "accident" within the meaning of Retirement and Social Security Law § 63. Petitioner requested a

hearing and redetermination and thereafter amended his application for accidental disability retirement benefits, alleging that his incapacity was the result of incidents that purportedly occurred in April 1988 and December 1995. The Comptroller again denied petitioner's application, finding that while petitioner indeed was permanently incapacitated from the performance of his duties, such incapacitation was not the natural and proximate result of an accident sustained while in service and, further, that the April 1988 and November 1998 incidents did not constitute accidents. Following additional hearings, the Comptroller accepted the findings and recommendations made by the Hearing Officer and denied petitioner's application for benefits. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul that determination.

Initially, we have no quarrel with the finding that neither the April 1988 nor the November 1998 incident constitutes an accident within the meaning of the Retirement and Social Security Law. The case law makes clear that " 'an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of O'Shei v Hevesi*, 26 AD3d 585, 586 [2006], quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]). Here, the record reveals that the April 1988 injury occurred when petitioner, who then was working as a mechanic, slipped on grease while servicing a snowplow during the course of his employment. By petitioner's own admission, the presence of grease on the shop floor was an everyday occurrence and, hence, a condition inherent in his employment. Under such circumstances, this incident plainly does not qualify as an accident (*see Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]). We reach a similar conclusion regarding the November 1998 elevator incident, as petitioner's resulting injury was not the product of an unexpected event but, rather, his own affirmative actions in attempting to exit the elevator. Accordingly, we find no error in the Comptroller's finding that such incident did not constitute an accident (*see Matter of Wannermeyer v Regan*, 176 AD2d 405, 406 [1991]).

As to the balance of petitioner's application, while petitioner and respondent New York State and Local Retirement Systems stipulated that the December 1995 incident* constituted an accident, the Comptroller concluded that this particular incident was not the natural and proximate cause of petitioner's incapac-

---

* This incident occurred when the power steering on the vehicle petitioner was operating failed, causing the steering wheel to jerk suddenly.

ity. Suffice to say that the record contains conflicting medical testimony on this point, and it is well within the province of the Comptroller to resolve that issue in favor of the Retirement System (see *Matter of Macari v Hevesi*, 17 AD3d 911, 912 [2005]). As the Comptroller's determination is supported by substantial evidence in the record as a whole, it will not be disturbed.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.