Lahtinen, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
After he sustained various injuries in November 2000 when he slipped and fell on a patch of ice while hooking up an additional water line, petitioner, an experienced firefighter, applied for and was granted performance of duty disability retirement benefits. Petitioner thereafter sought accidental disability retirement benefits. Upon the denial of that application, petitioner requested a hearing and redetermination. The Hearing Officer upheld the denial, finding that the underlying incident did not constitute an “accident” within the meaning of Retirement and Social Security Law § 363. Respondent accepted *941 that finding, prompting petitioner to commence this proceeding pursuant to CPLR article 78 seeking to annul that determination.
We confirm. The case law makes clear that “an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties” (Matter of O'Brien v Hevesi, 12 AD3d 895, 896 [2004]; see Matter of McGerald v DiNapoli, 51 AD3d 1328, 1329 [2008]; Matter of Conkling v Hevesi, 42 AD3d 630, 631 [2007]). Petitioner, who confirmed that there was no ice on the street when he hooked up the first line, candidly testified as to several possible sources of water leaks on the day of the incident, including off spray from hose connections, imperfect seals in the hydrant/line connection and water dripping from the engine block and/or the down spout on the cooling system, and the record reflects that such leaks are routine. Petitioner further acknowledged that it was sufficiently cold on the day in question to freeze water from these sources within a one-hour period and stated that his fall occurred approximately 45 minutes after he connected the first line. Simply put, petitioner slipped and fell on ice that formed while he was fighting a fire in subfreezing temperatures. In our view, substantial evidence supports respondent’s conclusion that this was a risk inherent in the performance of petitioner’s duties as a firefighter (see Matter of Pryor v Hevesi, 14 AD3d 776, 777 [2005]; Matter of Mirrer v Hevesi, 4 AD3d 722, 723 [2004])—even if petitioner was unaware of the particular hazard that caused his fall (see Matter of Coon v New York State Comptroller, 30 AD3d 884, 885 [2006], lv denied 7 NY3d 717 [2006]).
Peters, J.P, Rose, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.