In the Matter of RAYMOND A. BARON, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [869 NYS2d 670]—

Lahtinen, J.

Petitioner, a firefighter for the Village of Mamaroneck Fire

Department in Westchester County, was injured on November 11, 2002 while responding to a structure fire. On that date, as he was preparing to enter the building, petitioner noted a misplaced supply hose and, with no one available to assist him, he got on his hands and knees and moved the hose, which weighed between 100 and 150 pounds, approximately five feet to its proper position. Petitioner began experiencing health problems in the days that ensued and, after his physician referred him to a cardiologist, petitioner ultimately required quintuple bypass surgery and was rendered permanently disabled. Petitioner filed an application for accidental disability and performance of duty disability retirement benefits and, after a series of proceedings, was granted performance of duty disability benefits, but denied accidental disability benefits upon the ground that he did not sustain an accident within the meaning of Retirement and Social Security Law § 363. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to challenge respondent's denial of his application for accidental disability retirement benefits.

A petitioner bears the burden of demonstrating that his or her disability was the result of an accident within the meaning of Retirement and Social Security Law § 363, and respondent's determination in that regard will be upheld if supported by substantial evidence (*see Matter of Sweeney v Hevesi*, 50 AD3d 1366, 1366 [2008]; *Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005]). An accident has been defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted] *see Matter of Pryor v Hevesi*, 14 AD3d at 776). Thus, when a petitioner sustains an injury in the course of performing ordinary employment duties, considering the particular employment in question, it is not an accidental injury (*see Matter of Pryor v Hevesi*, 14 AD3d at 776; *Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]).

Here, petitioner alleges that his injury was the result of an accident, inasmuch as the injury occurred when he overexerted himself while moving a supply hose. However, petitioner's job description, as contained in the record, calls for physical stamina and enumerates laying and connecting hose lines as examples of petitioner's duties. As such, we find that substantial evidence supports respondent's determination that petitioner was injured in the course of performing a task that is inherent in a firefighter's regular duties and that an accident did not occur

(*see Matter of Pryor v Hevesi,* 14 AD3d at 777; *Matter of Tuper v McCall,* 259 AD2d 941, 942 [1999]; *Matter of May v Regan,* 159 AD2d 769, 769-770 [1990]).

Peters, J.P., Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.