In the Matter of JAMES CRAVOTTA, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [932 NYS2d 367]—

The petitioner, a sanitation worker with the New York City Department of Sanitation, injured his knee when, due to a slippery substance from a dump site that formed on his shoe, he allegedly slipped on a step of a sanitation truck that he was exiting. The New York City Employees' Retirement System (hereinafter NYCERS) denied the petitioner's application for accidental disability retirement benefits because his injury was not caused by an "accident" within the meaning of Retirement and Social Security Law § 605-b. Thereafter, the petitioner commenced this proceeding, inter alia, to annul NYCERS's determi-

nation. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

The determination made by NYCERS was neither arbitrary nor capricious, as the petitioner's injury was sustained while he was performing his routine duties and was "not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law" (*Matter of Fragale v D'Alessandro*, 55 AD3d 607, 607 [2008] [internal quotation marks omitted]; *see Matter of Kenny v DiNapoli*, 11 NY3d 873, 874-875 [2008]; *Matter of Kehoe v City of New York*, 81 NY2d 815, 817 [1993]; *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *Matter of Cassarino v New York City Employees' Retirement Sys.*, 69 AD3d 713 [2010]; *Matter of Conkling v Hevesi*, 42 AD3d 630, 631 [2007]; *Matter of Johnson v New York State Employees' Retirement Sys.*, 151 AD2d 915, 915-916 [1989]). Rivera, J.P., Eng, Belen and Austin, JJ., concur.