*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    521603
_____

In the Matter of GARY G.
    SCHULTZ,
                        Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as
    Comptroller of the State of
    New York, et al.,
                        Respondents.
_____

Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

                        _____


        Flaherty & Shea, Buffalo (James P. Shea of counsel), for
petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                        _____


Peters, P.J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for accidental disability retirement
benefits.

        Petitioner worked as a firefighter for the City of Buffalo
Fire Department for approximately 18 years.  On June 2, 2008, he
was injured when he inhaled toxic fumes while fighting a fire at
a pool warehouse where hazardous chemicals were stored.
Thereafter, he filed an application for accidental disability

retirement benefits based upon this incident as well as another that occurred on February 26, 2013. His application was denied on the ground that the incidents in question did not constitute accidents within the meaning of Retirement and Social Security Law § 363. Petitioner requested a hearing and redetermination and later withdrew his application with respect to the February 26, 2013 incident. At the conclusion of the hearing, the Hearing Officer found that the June 2, 2008 incident constituted an accident entitling him to accidental disability retirement benefits. Respondent Comptroller, however, disagreed and denied petitioner's application. This CPLR article 78 proceeding ensued.

We confirm. It is well settled that in order for an incident to constitute an accident within the meaning of the Retirement and Social Security Law, it must be a "'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982], quoting Johnson Corp. v Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1958], affd 7 NY2d 222 [1959]; see Matter of Stimpson v Hevesi, 38 AD3d 979, 980 [2007]). Significantly, it must result from an activity that is not undertaken in the performance of ordinary job duties (see Matter of Baron v DiNapoli, 57 AD3d 1202, 1203 [2008]; Matter of Pryor v Hevesi, 14 AD3d 776, 776 [2005]) and that is not an inherent risk of such job duties (see Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1215-1216 [2014]; Matter of Carrella v DiNapoli, 98 AD3d 1220, 1221 [2012]). Notably, the burden is on the petitioner to demonstrate that the precipitating event constituted an accident, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of Walion v New York State & Local Police & Fire Retirement Sys, 118 AD3d at 1215; Matter of Hunce v DiNapoli, 106 AD3d 1427, 1428 [2013]).

Here, petitioner contends that the injuries he sustained in the June 2, 2008 warehouse fire were the result of an accident because the sprinkler system was not operating properly, the proper protocol for fighting fires involving hazardous materials was not followed and the owner of the warehouse building failed

to obtain the proper license to store dangerous chemicals. These factors, however, do not transform the incident in question into an accident within the meaning of the Retirement and Social Security Law. Petitioner's injuries were the direct result of his inhalation of smoke and fumes that occurred, as he conceded, while performing his ordinary firefighting duties.[1] Indeed, cases involving similar applications for accidental disability retirement benefits have held that exposure to toxic fumes while fighting fires is an inherent risk of a firefighter's regular duties (see Matter of Huether v Regan, 155 AD2d 860, 861 [1989], lv denied 75 NY2d 705 [1990]; Matter of Daly v Regan, 97 AD2d 575, 576 [1983], lv denied 61 NY2d 602 [1984]). Therefore, substantial evidence supports the Comptroller's determination that the June 2, 2008 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363.

Petitioner's remaining contentions are without merit.

Garry, Rose, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] We note that petitioner had previous experience combating fires involving hazardous materials and was aware that the warehouse contained pool chemicals.