Garry, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner’s application for accidental disability retirement benefits.
Petitioner worked as a. firefighter with the City of Yonkers Fire Department for approximately 17 years. On September 2, 2001, he was injured when he was exposed to and inhaled colorless and odorless gases — to wit, carbon monoxide and cyanogen chloride — while responding to an emergency at a supermarket. Thereafter, he filed an application for accidental disability retirement benefits based upon, among other things, this incident. The application was denied on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. In a careful analysis, the Hearing Officer subsequently determined that the incident did constitute an accident, as “[t]he combination of unforeseeable and exigent circumstances made it virtually impossible for [petitioner] to recognize the danger.” Thereafter, respondent ultimately upheld the initial denial, and petitioner then commenced this CPLR article 78 proceeding challenging that determination.
We annul. It is well settled that for purposes of the Retirement and Social Security Law, an accident is defined as “ ‘a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’ ” (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008], quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]; accord Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015]). “Significantly, it must result from an activity that is not undertaken in the performance of ordinary job duties and that is not an inherent risk of such job duties” (Matter of Schultz v DiNapoli, 137 AD3d 1454, 1455 [2016] [citations omitted]; see Matter of Schoales v DiNapoli, 132 AD3d at 1185). Petitioner bears the burden of establishing that the event producing the injury was an accident, and respondent’s determination will be upheld where it is supported by substantial evidence (see Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; Matter of Roth v DiNapoli, 105 AD3d 1183, 1184 [2013]).
*800 Petitioner testified that on the day of the incident, he received a medical emergency call from a local supermarket reporting an individual experiencing difficulty with breathing. Upon arriving at the site, petitioner was directed to the walk-in freezer located at the back of the supermarket, where he discovered two unconscious individuals — one inside the freezer and one outside the freezer. Petitioner immediately provided cardiopulmonary resuscitation and breathing assistance to the unconscious victim inside the freezer until an ambulance crew arrived to assist. Petitioner explained that, in the entire course of providing medical services to the victim at the scene, he never smelled, heard, or saw anything that might have indicated that chemical gases or fumes were involved in the medical emergency. Petitioner’s testimony further reflected that, although he felt ill after helping move the victims to an ambulance, he did not learn that chemical gases were present at the scene until he himself was transported to a hospital for medical evaluation.
We have “held that exposure to toxic fumes while fighting fires is an inherent risk of a firefighter’s regular duties” (Matter of Schultz v DiNapoli, 137 AD3d at 1456 [emphasis added]; see Matter of Huether v Regan, 155 AD2d 860, 861 [1989], lv denied 75 NY2d 705 [1990]; Matter of Daly v Regan, 97 AD2d 575, 576 [1983], lv denied 61 NY2d 602 [1984]). Here, however, unlike our prior cases involving exposure to toxic gases or smoke, petitioner was not responding to a fire that presented the inherent and foreseeable risk of inhaling toxic gases (see Matter of Schultz v DiNapoli, 137 AD3d at 1456; Matter of Huether v Regan, 155 AD2d at 861) or smoke (see Matter of Daly v Regan, 97 AD2d at 576). The record evidence further reflects that petitioner was neither aware that the air within the supermarket contained toxic chemical gases (cf. Matter of Schultz v DiNapoli, 137 AD3d at 1456 n), nor did he have any information that could reasonably have led him to anticipate, expect or foresee the precise hazard when responding to the medical emergency at the supermarket (see Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1023 [2012]; Matter of Tierney v New York State Comptroller, 90 AD3d 1215, 1215 [2011]). The Hearing Officer made express factual findings that petitioner did not learn that chemicals had been involved in the incident until after it ended. He further found that there was no record evidence to support a conclusion that petitioner should have been aware of the odorless and invisible gas, nor that his training and experience related to chemical exposure should have prepared him to recognize its presence especially as no evidence suggested that others within the supermarket *801 exhibited symptoms of such exposure. Although the dissent challenges the conclusion that petitioner could not foresee the presence of the hazard, we find it highly significant that respondent in no manner contradicted the Hearing Officer’s finding that petitioner neither could nor should have recognized the danger posed in the circumstances presented.
In reversing the Hearing Officer’s determination, respondent instead relied upon petitioner’s job description, which indicates that he was required to respond to medical emergencies and to be exposed to hazardous conditions such as fumes and toxic materials. The dissent likewise relies heavily upon petitioner’s job description and training. Taken to its immediate and logical conclusion, however, this position may wholly eviscerate accidental disability retirement protection for emergency responders in rescue situations; if a broadly written job description that requires the rescue of individuals in hazardous situations is allowed to replace a factual analysis of the particular circumstances of each incident, those who put themselves in harm’s way may be left without recourse. Whether an incident is so “sudden, fortuitous . . . , unexpected [and] out of the ordinary” (Matter of Kenny v DiNapoli, 11 NY3d at 874 [internal quotation marks and citation omitted]) that it qualifies as an accident within the meaning of the Retirement and Social Security Law remains a factual issue that should not be determined merely by reference to job descriptions. Otherwise, emergency personnel will be rendered ineligible for accidental disability retirement in any rescue situation, without regard to how exigent, unexpected or unforeseeable the circumstances of their injury may be. This cannot have been the Legislature’s intent in establishing the accidental disability retirement program for rescue workers.
Accordingly, we find that respondent’s determination that the September 2, 2001 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 is unsupported by substantial evidence in the record before us. As the hearing and determination of respondent under review were limited to the question of whether that incident so qualified, we decline to address in the first instance petitioner’s arguments regarding the presumption set forth by Retirement and Social Security Law § 363-a or the issue of causation (see generally Matter of Quintana v City of Buffalo, 114 AD3d 1222, 1223 [2014], lv denied 23 NY3d 902 [2014]).
Lynch and Aarons, JJ., concur.