McCarthy, J.R
(dissenting). In order to annul respondent’s determination, the majority-necessarily finds that respondent’s *802 conclusion that petitioner suffered from “injuries [that] were the result of a risk inherent in the ordinary course of [petitioner’s] duties” was not supported by substantial evidence — that a reasonable mind could not reach that conclusion based on the record evidence. We disagree with the majority’s finding and, therefore, we respectfully dissent.
“This Court is not free to substitute its assessment of the . . . evidence for that of respondent, whose determinations must be upheld when they are supported by substantial evidence” (Matter of King v DiNapoli, 75 AD3d 793, 796 [2010] [citation omitted]; see Matter of Schultz v DiNapoli, 137 AD3d 1454, 1455 [2016]). Substantial evidence is “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact, and is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt” (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011] [internal quotation marks and citation omitted]; see Matter of King v DiNapoli, 75 AD3d at 796). “The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable” (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d at 499 [internal quotation marks and citations omitted]).
As the Court of Appeals has made clear, in order to find that a petitioner has suffered an accident for the purposes of accidental retirement disability benefits, it is “critical” that the “precipitating accidental event” of a petitioner’s injuries is “not a risk of the work performed” by him or her (Matter of McCambridge v McGuire, 62 NY2d 563, 568 [1984]; see Matter of Mirrer v Hevesi, 4 AD3d 722, 723 [2004]; Matter of Jonigan v McCall, 291 AD2d 766, 766 [2002]). Therefore, to constitute an accident, “the event must arise from risks that are not inherent to petitioner’s regular employment duties” (Matter of Roberts v DiNapoli, 117 AD3d 1166, 1166 [2014]; see Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1216 [2014]). Finally, a petitioner bears the burden of proving that his or her injuries were the result of an accident (see Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d at 1215). Accordingly, if the conclusion that petitioner’s exposure to chemical gases arose from risks inherent in petitioner’s regular employment duties is one that results from reasonable and plausible inferences from the record evidence, this Court must confirm respondent’s determination.
Turning first to the record evidence regarding the scope of petitioner’s regular professional duties, the record establishes *803 that petitioner was a firefighter tasked with fighting fires and providing emergency medical assistance. The record contains the job description governing petitioner’s employment, which opens with the assertion that “[t]he work is of a hazardous nature.” Specifically as to petitioner’s medical duties, it provides that “[a] dminist [ration of] emergency first aid treatment to injured persons” is an “ESSENTIAL FUNCTION[ ]” of petitioner’s job. According to the same description, the environmental conditions in which petitioner was expected to work included “exposure-to . . . toxic materials [and] chemicals.”
The record also contains proof regarding petitioner’s professional training and his use of that training. Petitioner testified that he specifically received training in providing emergency medical aid and in “chemical exposure.” Moreover, his testimony established that he regularly responded to medical emergencies, and he also testified that he “may have” responded to chemical spill and chemical exposure emergencies in the past.[1] Considering the foregoing proof, uncontested evidence establishes that petitioner was informed that his professional duties included providing emergency medical assistance, that he was trained to perform emergency medical assistance and that he did, in fact, provide emergency medical assistance as a part of his job duties. Additional uncontested proof establishes that petitioner was informed that his job required him to be exposed to toxic chemicals, that he was specifically trained in chemical exposure and that he “may have” actually responded to chemical exposure incidents in the past.
Turning to the question of whether petitioner was injured based upon risks inherent in fulfilling the foregoing duties, petitioner received an emergency call reporting a person experiencing trouble breathing in a supermarket. Upon arrival at that indoor location, petitioner found two unconscious persons in close proximity to one another, both exhibiting no signs of external trauma. Although unknown to petitioner at the time, those persons were in need of emergency medical assistance because they had inhaled carbon monoxide and cyanogen chloride[2] and, in providing emergency aid, petitioner was also exposed to those toxic chemicals. Accordingly, it is *804 undisputed that petitioner was injured by the same dangerous condition that gave rise to the need for his emergency medical assistance, exposure to chemical gases.[3] Moreover, petitioner was on notice that his duties included exposing himself to such dangerous conditions by his job description, his training and his actual professional experiences. Given this record evidence, a reasonable mind could conclude that petitioner suffered injuries that were the result of the risks inherent in his regular professional duties as a firefighter and emergency medical assistance provider explicitly tasked with risking chemical exposure and specifically trained for that risk (see Matter of Schultz v DiNapoli, 137 AD3d at 1455; Matter of Purcell v DiNapoli, 81 AD3d 1069, 1070 [2011]; Matter of Pryor v Hevesi, 14 AD3d 776, 777 [2005]; Matter of Huether v Regan, 155 AD2d 860, 861 [1989], lv denied 75 NY2d 705 [1990]; Matter of Daly v Regan, 97 AD2d 575, 576 [1983], lv denied 61 NY2d 602 [1984]). Accordingly, we would affirm.
Turning to the majority’s decision to the contrary, the majority departs from this Court’s long-standing recognition that emergency response personnel often have inherent professional duties to confront or expose themselves to dangerous conditions and/or people (see e.g. Matter of Kelly v DiNapoli, 137 AD3d 1470, 1471-1472 [2016]; Matter of Schultz v DiNapoli, 137 AD3d at 1455-1456; Matter of Fulton v New York State Comptroller, 122 AD3d 983, 983-984 [2014], lv denied 24 NY3d 915 [2015]; Matter of Carpenter v DiNapoli, 104 AD3d 1037, 1038 [2013]; Matter of Reynolds v DiNapoli, 97 AD3d 892, 893 [2012]; Matter of Jarosz v DiNapoli, 95 AD3d 1500, 1501 [2012]; Matter of Rykala v New York State Comptroller, 92 AD3d 1077, 1077 [2012]; Matter of Huether v Regan, 155 AD2d at 861; Mat *805 ter of Daly v Regan, 97 AD2d at 576; but see Matter of Kelly v DiNapoli, 137 AD3.d at 1472-1473 [Garry, J., dissenting]). As a direct result, this Court’s jurisprudence now reaches disparate results based upon whether a firefighter inhales toxic gases while fighting a fire, in which case there is no accident (see Matter of Schultz v DiNapoli, 137 AD3d at 1456; Matter of Huether v Regan, 155 AD2d at 861; Matter of Daly v Regan, 97 AD2d at 576), or whether a firefighter inhales toxic gases while providing emergency medical assistance to people overcome by such gases, in which case there is an accident. Because firefighters who also provide emergency medical assistance will generally — as is the case here — have equivalent duties to risk exposure to chemical gases while fighting fires as while providing emergency medical assistance, the majority’s distinction is arbitrary.
More generally, we reject the majority’s conclusion that respondent could not reasonably rely on the combined proof of petitioner’s job description and his relevant training to reach the conclusion that his injuries from exposure to chemical gases resulted from risks inherent in the ordinary course of his duties. It is difficult to imagine proof that is more probative in establishing a petitioner’s inherent professional duties than his or her actual job description. Moreover, an employer’s devotion of time and resources to training an employee as to a particular professional risk provides a clear indication of an employer’s actual expectations regarding the employee’s duties. Our deferential standard of review in cases such as this means little if, in reality, this Court will replace respondent’s judgment with its own even when respondent relies on strong objective evidence not subject to hindsight bias in determining the scope of a petitioner’s duties.
Devine, J., concurs.
Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.

. To the extent that petitioner provided an ambiguous answer regarding whether he had responded to chemical exposure emergencies in the past, as the party assigned the burden of proof, that ambiguity does not inure to his benefit.

. Apparently, the two persons were supermarket employees who had been attempting to chemically clean a walk-in freezer.

. We disagree with the majority’s assertion that no reasonable mind could conclude that a firefighter with petitioner’s training could have anticipated the possibility that there was a problem with air quality at the scene. Although the chemical gases were odorless, petitioner was on notice of a person suffering from breathing problems. He found two unconscious persons, which removed any reasonable possibility that the etiology of the medical conditions could be an internal condition unique to one of the individuals, such as a heart attack. Moreover, and considering the proper allocation of the burden of proof to petitioner, the record is bereft of any plausible explanation of a potential cause of the conditions of the two people that was not related to air quality, let alone an explanation of why those potential causes would be more likely than air quality. On its own, the fact that a reasonable mind could conclude that a person with petitioner’s training could have reasonably anticipated an air quality problem is a sufficient basis to confirm respondent’s determination (see Matter of Scofield v DiNapoli, 125 AD3d 1086, 1087 [2015]; Matter of Bleeker v New York State Comptroller, 84 AD3d 1683, 1684 [2011], lv denied 17 NY3d 709 [2011]).