Matter of O'Mahony v DiNapoli (2018 NY Slip Op 00215)





Matter of O'Mahony v DiNapoli


2018 NY Slip Op 00215


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

525118

[*1]In the Matter of PATRICK O'MAHONY, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Bartlett, McDonough & Monaghan, LLP, White Plains (Michael J. Catallo of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner worked as a firefighter with the City of Yonkers Fire Department for approximately 14½ years. On October 17, 2012, while practicing an emergency rappelling maneuver at the department's training facility, petitioner sustained an injury to his back when he descended too quickly, landed feet first on the safety net and then fell backwards onto his back while wearing his oxygen pack. As a result of the injury that he sustained
from this incident, petitioner filed an application for accidental disability retirement benefits. The New York State and Local Police and Fire Retirement System denied his application on the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law [FN1]. Respondent ultimately found that the incident did not constitute an [*2]accident and upheld the denial of petitioner's application for accidental disability retirement benefits. This CPLR article 78 proceeding ensued.
We confirm. "It is well settled that for purposes of the Retirement and Social Security Law, an accident is defined as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Sica v DiNapoli, 141 AD3d 799, 799 [2016] [internal quotation marks and citations omitted], appeal dismissed 28 NY3d 1112 [2016], lv granted 29 NY3d 908 [2017]; see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]). "Notably, an incident is not an accident within the meaning of the Retirement and Social Security Law where the underlying injuries result from an expected or foreseeable event arising during the performance of routine employment duties . . . or occur during the course of a training program constituting an ordinary part of the employee's job duties and the normal risks arising therefrom" (Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013] [internal quotation marks, brackets and citations omitted]; see Matter of Hulse v DiNapoli, 70 AD3d 1235, 1236 [2010]). Petitioner bears the burden of establishing that the injury-producing event was accidental in nature, and respondent's determination will be upheld where it is supported by substantial evidence (see Matter of Magistro v DiNapoli, 142 AD3d 750, 751 [2016]; Matter of Sica v DiNapoli, 141 AD3d at 799).
Petitioner testified that, although he had been previously trained in rappelling techniques when he first became a firefighter, on the day of the incident, he reported to the fire department's training facility to be trained in the use of a new emergency escape system featuring a harness and rope that allowed a firefighter to quickly escape a building through a window. Prior to the training exercise, petitioner and the other firefighters watched, among other things, a training video and received on-site instructions for the deployment and use of the emergency escape system. Petitioner explained that, during the training exercise, each attempted use of the system was made to be progressively more challenging to simulate the conditions to which the firefighters might be subjected in an actual emergency escape situation. On petitioner's sixth attempted use of the system, the individual operating his belay line allowed petitioner to descend too quickly resulting in his injury. Inasmuch as the record reflects that the training exercise program arose from, and was a required part of, petitioner's routine duties as a firefighter and given that the attendant risks of that training exercise were reasonably foreseeable, we find that substantial evidence supports the determination denying petitioner's application for accidental disability retirement benefits (see Matter of Fanning v DiNapoli, 140 AD3d 1582, 1583 [2016]; Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; see also Matter of Quartucio v DiNapoli, 110 AD3d at 1337; Matter of Hulse v DiNapoli, 70 AD3d at 1236). Further, contrary to petitioner's contention, the fact that his partner might not have assisted with the training maneuver as instructed or that the partner did not anticipate his movement did not transform the incident into an accident within the meaning of the Retirement and Social Security Law (see Matter of DeLaCruz v DiNapoli, 67 AD3d 1297, 1298 [2009]; Matter of Felix v New York State Comptroller, 28 AD3d 993, 994 [2006]).
McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner testified that he is no longer employed as a firefighter and receives performance of duty disability retirement benefits.